# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM R. KIPP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 14 C 60 |
| v. ) | |
| ) | Judge Joan H. Lefkow |
| SKI ENTERPRISE CORPORATION OF ) | |
| WISCONSIN, INC., ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Plaintiff William R. Kipp filed suit against Ski Enterprise Corporation of Wisconsin, Inc. ("Ski Enterprise") alleging claims under Wisconsin state law for personal injuries he suffered while using the ski lift at Ski Enterprise's resort in Merrimac, Wisconsin. Before the court is Ski Enterprise's motion to dismiss under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3). (Dkt. 8.) In the alternative, Ski Enterprise moves to transfer to the Eastern District of Wisconsin pursuant to 28 U.S.C. §§ 1391 and 1406. For the reasons stated below, the motion to dismiss pursuant to Rule 12(b)(2) is granted and the Rule 12(b)(3) motion and motion to transfer are denied as moot.

## BACKGROUND[1]

Kipp is a citizen of Illinois and resides in this judicial district. On January 6, 2012, Kipp was thrown from a chair lift while snowboarding at Devil's Head Resort in Merrimac,

---

[1] The following facts are taken from the complaint and exhibits to the parties' pleadings and briefs. In ruling on the motion to dismiss for lack of personal jurisdiction, the court may consider matters outside the pleadings, such as affidavits and discovery materials. *See Hollinger Int'l, Inc.* v. *Hollinger, Inc.,* No. 04 C 0698, 2005 WL 589000, at *10 (N.D. Ill. Mar. 11, 2005); *Cont'l Cas. Co.* v. *S. Co.,* 284 F. Supp. 2d 1118, 1124 n.4 (N.D. Ill. 2003) (citations omitted). The court allowed the parties to engage in limited jurisdictional discovery.

Wisconsin. Kipp sought emergency medical treatment in Wisconsin but he received all further medical care in Illinois, including surgery to treat a fractured clavicle. He subsequently brought suit against Ski Enterprise in this court.

Ski Enterprise is a Wisconsin corporation with its principal place of business in Merrimac, Wisconsin. It operates the ski slopes and lifts at Devil's Head Resort. Ski Enterprise's only offices are located in Wisconsin and the Devil's Head Resort is located entirely in Wisconsin. Ski Enterprise conducts no print or broadcast advertising within Illinois. Ski Enterprise attends one ski-specific trade show in Illinois annually, the Windy City Ski and Snowboard Show, where it speaks with potential customers and collects email addresses to send out subsequent "email E blasts." (Dkt. 11, Ex. 1, Deposition of Joseph Vittengl ("Vittengl Dep.") at 20:25-21:2.) The general manager of Ski Enterprise, Joseph Vittengl, testified that he believes approximately 60 to 75 percent of Devil Head Resort's customers are from Illinois but that he could not confirm those figures with any certainty. (*See id.* at 17:23-18:20.)

A single website serves both the Devil's Head Resort ski slope and the hotel at the resort, which is run by Devil's Head Area Recreation ("Area Recreation"). On that site, www.devilsheadresort.com, customers are able to view information about both operations and submit a credit card deposit to reserve hotel rooms with Area Recreation. They are not able to purchase lift tickets online. The website also advertises the "Chicagoland Express" package, which includes two nights lodging with Area Recreation but no transportation to and from the ski resort. This package is offered only in the wintertime and available for anyone to purchase.

# ANALYSIS

I. **Personal Jurisdiction**

   A. **Legal Standard**

Rule 12(b)(2) permits dismissal of a claim based on lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2). The burden of proof on jurisdictional challenges is on the party asserting jurisdiction. *RAR, Inc.* v. *Turner*, 107 F.3d 1272, 1276 (7th Cir. 1997). The court will "read the complaint liberally, in its entirety, and with every inference drawn in favor" of the plaintiff. *Central States, Se. & Sw. Areas Pension Fund* v. *Phencorp Reins. Co.*, 440 F.3d 870, 878 (7th Cir. 2006) (quoting *Textor* v. *Bd. Of Regents of N. Ill. Univ.*, 711 F.2d 1387, 1393 (7th Cir. 1993)); *see also Purdue Research Found.* v. *Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003) (citing *Nelson* v. *Park Indus.*, 717 F.2d 1120, 1123 (7th Cir. 1983)). "[W]hen the district court rules on a defendant's motion to dismiss based on the submission of written materials, without the benefit of an evidentiary hearing . . . the plaintiff 'need only make out a *prima facie* case of personal jurisdiction.'" *Purdue*, 338 F.3d at 782 (quoting *Hyatt Int'l Corp.* v. *Coco*, 302 F.3d 707, 713 (7th Cir. 2002)).

   B. **General Jurisdiction**

As it is sitting in diversity jurisdiction, this court has personal jurisdiction over Ski Enterprise to the extent that an Illinois court could exercise personal jurisdiction over it. *See Klump* v. *Duffus*, 71 F.3d 1368, 1371 (7th Cir. 1995). Illinois allows for personal jurisdiction to the extent authorized by the Fourteenth Amendment's due process clause, which merges the federal constitutional and state statutory inquiries together. *See Tamburo* v. *Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010); 735 Ill. Comp. Stat. 5/2-209(c) (2008). Under the Illinois long-arm statute, personal jurisdiction can be general or specific. *uBid, Inc.* v. *GoDaddy Grp., Inc.*,

623 F.3d 421, 425 (7th Cir. 2010). Kipp acknowledges that specific personal jurisdiction does not apply. (Dkt. 11 at 7.) Therefore, his only argument is one of general jurisdiction.

General jurisdiction allows a defendant to be haled into an Illinois court if it has "'continuous and systematic general business contacts' with" Illinois. *uBid*, 623 F.3d at 425-26 (quoting *Helicopteros Nacionales de Colombia, S.A.* v. *Hall*, 466 U.S. 408, 415-16, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984)). In Illinois, this is known as the "doing business standard," a standard Illinois courts have characterized as "rather high . . . because general jurisdiction establishes that the corporation has effectively taken up residence in Illinois and, therefore, may be sued on causes of action both related and unrelated to its activities in Illinois." *Sabados* v. *Planned Parenthood of Greater Ind.*, 882 N.E.2d 121, 128, 378 Ill. App. 3d 243, 317 Ill. Dec. 547 (2007) (internal quotation marks, citations, and brackets omitted); *see also Acuity* v. *Roadtec, Inc.*, No. 13 C 6529, 2013 WL 6632631, at *4 (N.D. Ill. Dec. 16, 2013) ("The 'continuous and systematic' standard is rigorous, because 'the consequences can be severe[.]'") (quoting *uBid*, 623 F.3d at 426).

To determine whether a party's contacts with Illinois are sufficiently continuous and systematic to subject it to general jurisdiction, courts consider factors such as (1) whether and to what extent the defendant conducts business in Illinois; (2) whether the defendant maintains an office or employees in Illinois; (3) whether the defendant sends agents into Illinois to conduct business; (4) whether the defendant advertises or solicits business in Illinois; and (5) whether the defendant has designated an agent for service of process in Illinois. *See, e.g., Zimmerman* v. *JWCF, LP*, No. 10 C 7426, 2011 WL 4501412, at *5 (N.D. Ill. Sept. 28, 2011) (quoting *Corus Int'l Trading Ltd.* v. *Eregli Demir Ve Celik Fabrikalari, T.A.S.*, 765 F. Supp. 2d 1079, 1083 (N.D. Ill. 2011)).

4

This court has consistently held that it is inappropriate to exercise personal jurisdiction over an out-of-state ski resort when a plaintiff sues based on injuries he suffered at the resort. For example, in *Ruddy* v. *Wilmont Mountain, Inc.*, No. 10 C 7219, 2011 WL 3584418 (N.D. Ill. Aug. 12, 2011), a strikingly similar case to this one, the court found that a Wisconsin ski resort's interactive website and Illinois advertising activities were insufficient to support a finding of general jurisdiction. *Id.* at *4. The resort there advertised on its website and on buses in Chicago, had one Illinois billboard, ran 15 advertisements on Illinois radio stations, and sent representatives to Illinois tradeshows. The court rejected these contacts as sufficient to meet the doing business standard because Illinois courts "consistently reject mere solicitation of business as a basis for the exercise of general personal jurisdiction." *Id.* at *3 (citing *Cook Assocs., Inc.* v. *Lexington United Corp.*, 429 N.E. 2d 847, 852, 87 Ill. 2d 190, 57 Ill. Dec. 730 (1981); *Radosta* v. *Devil's Head Ski Lodge*, 526 N.E. 2d 561, 564-65, 172 Ill. App. 3d 289, 122 Ill. Dec. 302 (1988)); *see also Berks* v. *Rib Mountain Ski Corp.*, 571 F. Supp. 500, 502 (N.D. Ill. 1983) (Illinois plaintiff injured at Wisconsin ski resort could not sue in Illinois because resort was not doing business in Illinois); *Braasch* v. *Vail Assocs., Inc.*, 370 F. Supp. 809, 814 (N.D. Ill. 1973) (skier injured at Colorado resort could not bring suit against resort in Illinois because "if the mere payment of money, shipment of goods into, or advertisement in Illinois were sufficient to confer long arm jurisdiction it would follow that the very existence of a business relationship with an Illinois resident would automatically sustain Illinois jurisdiction," which is "offensive to the concept of due process").

Ski Enterprise's conduct falls similarly short of the doing business standard. Its tradeshow attendance qualifies as mere solicitation insufficient to confer general jurisdiction. The purpose of attending the tradeshow is to obtain email addresses to enter potential customers

5

into a drawing and to send mass emails to potential customers. (*See* Vittengel Dep. at 20:25-21:2.) The "Chicagoland Express" package is also insufficient to confer general jurisdiction. The package includes a two-night stay at the resort and does not include transportation to or from Chicago. While this package may have been intended to entice Illinois consumers to visit the resort and use its services, its existence does not mean Ski Enterprise does business in Illinois, especially given that it is available to "anyone in the world" to purchase. (*Id.* at 38:3-5.) Moreover, ski lift tickets—the only products sold by Ski Enterprise rather than Area Resorts—can only be purchased at Devil's Head Resort in Wisconsin. (*Id.* 23:9-12.)

Nor is the Devil's Head Resort website, accessible to Illinois residents, sufficient to meet the doing business standard. "The maintenance of a public Internet site alone is insufficient to justify general jurisdiction." *Pickering* v. *ADP Dealer Servs., Inc.*, No. 12 C 6256, 2013 WL 996212, at *3 (N.D. Ill. Mar. 13, 2013) (no general jurisdiction over corporation with sporadic business contacts in Illinois and public website even though users could submit contact information through the site) (citing *Tamburo*, 601 F.3d at 701); *see also Acuity*, 2013 WL 6632631, at *5 ("[A] website alone, no matter how interactive, cannot support general jurisdiction.") (citation omitted). Even a website that allows customers "to make and pay for reservations over the Internet for lodging in foreign states is not a sufficient basis for the exercise of general jurisdiction." *Breschia* v. *Paradise Vacation Club, Inc.*, No. 02 C 3014, 2003 WL 22872128, at *3 (N.D. Ill. Dec. 4, 2003) (no general jurisdiction over resort that allowed customers to make reservations on its website and that advertised minimally in Illinois) (citations omitted); *see also Ruddy*, 2011 WL 3584418, at *3 (no general jurisdiction over ski resort with website permitting anyone to purchase season passes, lift tickets, gift certificates, and sign up for

rentals, even though website included links to map directions from four Illinois cities and defendant advertised in other manners in Illinois).

Ski Enterprise's website is accessible to anyone, not just Illinois customers. While users can input credit card information to book hotels rooms with Area Resort, this is not enough to confer personal jurisdiction over Ski Enterprise. *See Ruddy*, 2011 WL 3584418, at *3. Even considering the website with Ski Enterprise's other Illinois contacts, the court cannot find that it is subject to general jurisdiction in this state.

Because Kipp has failed to make even a *prima facie* showing that the court has personal jurisdiction over Ski Enterprise, Ski Enterprise's Rule12(b)(2) motion to dismiss is granted.

**II.     Venue**

Ski Enterprise also moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue or, in the alternative, to transfer venue to the Eastern District of Wisconsin. But because Kipp has failed to establish that the court has personal jurisdiction over Ski Enterprise, it is unnecessary to reach this request.

**CONCLUSION AND ORDER**

For the foregoing reasons, Ski Enterprise's Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction (dkt. 8) is granted. This suit is terminated without prejudice to Kipp refiling in an appropriate forum.

Date: July 7, 2014

_____
U.S. District Judge Joan H. Lefkow